**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

**FELIX JAMES JOSEPH,**
Plaintiff,

v. Civil Action No. _____

**CITY OF HOUSTON;**
**OFFICER I. WILLIAMS;**
**OFFICER C.S. TIMM;**
**OFFICER M.Q. TA;**
**SGT. J. CUFFY;**
**SGT. LEWIS;**
**CLINICIAN "COURTNEY";**
**and JOHN/JANE DOE HPD OFFICERS 1–5,**

Defendants.

_____/

United States Courts
Southern District of Texas
F I L E D

DEC 0 1 2025

Nathan Ochsner, Clerk of Court

**25 CV 5750**

**CIVIL RIGHTS COMPLAINT**

(42 U.S.C. § 1983; TEXAS LAW)
JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This civil-rights action arises from an incident in which Plaintiff, a Black Army veteran, **called 911 as the victim of domestic assault** but was instead treated as the perpetrator, violently taken to the ground, and unlawfully placed on a psychiatric hold based on **false and misleading police and mental-health reports**.
2. Houston Police Department ("HPD") officers and a Crisis Intervention Team ("CIT") officer and clinician reversed the roles of victim and aggressor, ignored Plaintiff's **cell-phone video showing his wife assaulting him**, and then wrote reports falsely depicting Plaintiff as aggressive, suicidal, and mentally unstable in order to justify their use of force and an Emergency Detention Order ("EDO").
3. Plaintiff seeks redress under 42 U.S.C. § 1983 and Texas law for **unreasonable seizure, unlawful mental-health detention, excessive force, fabrication of evidence (amounting to perjury in official reports), false imprisonment, and assault and battery.**

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the United States Constitution.

5. The Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367.

6. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Houston, Texas.

## III. PARTIES

7. **Plaintiff FELIX JAMES JOSEPH** ("Plaintiff") is a citizen of the United States, a resident of Texas, a Black American, and an honorably discharged Army veteran.

8. **Defendant CITY OF HOUSTON** ("City") is a Texas municipal corporation responsible for the policies, practices, and customs of HPD. It may be served through its Mayor or City Attorney at [City address].

9. **Defendant OFFICER I. WILLIAMS** was at all relevant times an HPD officer who authored the original HPD report for Incident No. 331604-25. He is sued in his individual capacity.

10. **Defendant OFFICER C.S. TIMM** was at all relevant times an HPD officer who authored a supplemental report and participated in seizing Plaintiff. He is sued in his individual capacity.

11. **Defendant OFFICER M.Q. TA** was at all relevant times an HPD officer assigned to the Mental Health Division/CIT who authored a mental-health supplement and participated in Plaintiff's EDO. He is sued in his individual capacity.

12. **Defendants SGT. J. CUFFY and SGT. LEWIS** were HPD supervisors on scene who directed and ratified the actions of the other officers, including ordering that Plaintiff be detained and handcuffed. They are sued in their individual capacities.

13. **Defendant "COURTNEY"** is a clinician who responded with Officer Ta as part of the CIT and participated in the decision to seek an EDO for Plaintiff. Courtney is sued in an individual capacity.

14. **JOHN/JANE DOE OFFICERS 1–5** are additional HPD officers whose identities are presently unknown who participated in the seizure, force, and/or fabrication of reports described herein. They are sued in their individual capacities.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff calls 911 as the victim

15. On March 14, 2025, Plaintiff was at his home at **4502 Blue Bonnet Drive, Houston, Texas**, with his wife, **Azsuradee Charlene Joseph**, and their child.

16. Plaintiff's wife became physically assaultive toward Plaintiff. Fearing for his safety and for the safety of his child, Plaintiff **called 911** to report the assault and request police assistance and medical help.

17. During and after the assault, Plaintiff recorded video on his cell phone that shows his wife attacking him and later shows HPD's actions. This video exists and is discoverable.

18. To Plaintiff's knowledge, **no one else called 911 about him**. He was the complaining 911 caller and the person seeking help.

## B. HPD arrives but treats Plaintiff as the problem

19. HPD officers, including Officer Williams, were dispatched to Plaintiff's address.

20. When officers arrived, Plaintiff told them that **he was the one who called 911**, that he had been assaulted, and that he had video evidence on his phone showing the assault.

21. Plaintiff **showed** his phone video to an officer. Instead of carefully reviewing this exculpatory evidence, officers focused on Plaintiff's wife's account.

22. In the resulting HPD reports, Plaintiff's wife was listed as the **"Complainant"** and Plaintiff was labeled "GEN" or "consumer," despite the fact that Plaintiff was the 911 caller and the assault victim.

23. Plaintiff's wife told officers that Plaintiff had "mental illness," was "off his meds," and had various prior diagnoses. Officers relied on these unverified accusations about Plaintiff's mental health to discredit him and to re-frame the situation as a "suicidal in progress" or "mental health" event instead of a **family-violence assault against Plaintiff.**

## C. Plaintiff records the officers; Sgt. Cuffy orders him detained without probable cause

24. As the investigation proceeded, Plaintiff remained **unarmed** and stood near the officers while **recording them on his phone**. Plaintiff calmly asked why his wife was being treated as the victim when he had called 911 and had video of her assaulting him.

25. Plaintiff also asked for medical assistance and stated that he wanted help to be safe from his wife.

26. When Sgt. Cuffy arrived on scene, he became irritated that Plaintiff was recording and questioning the officers' decisions. Rather than listen to Plaintiff or review the phone video, Sgt. Cuffy **aggressively confronted** Plaintiff.

27. Without any probable cause that Plaintiff had committed a crime, and without specific, articulable facts that Plaintiff was a danger to himself or others, Sgt. Cuffy ordered the other officers to **place Plaintiff in handcuffs.**

28. Plaintiff repeatedly asked the officers, **"Why am I being arrested? What did I do?"** The officers refused to answer or identify any charge.

29. Officers, including Williams and Timm, then moved in to seize Plaintiff. As they grabbed his arms from behind to force them into handcuffs, Plaintiff became fearful and believed he was being unlawfully taken—**kidnapped**—because no one would tell him why he was being arrested.

30. Plaintiff admits that during this encounter he **tensed up, lost his balance, went to the ground, and rolled on the ground while handcuffed.** He did so because he was in pain, scared, and begging officers to explain why he was being arrested—not because he wished to harm himself, not because he was attacking officers, and not because he was suicidal.

31. While on the ground, Plaintiff continued to ask why he was being detained, cried out from the pain of the handcuffs and takedown, and asked for an ambulance. He did **not** tell officers to "kill me" or express any desire to hurt himself.

32. Once Plaintiff was restrained, officers placed him in the back of a patrol car. Plaintiff again asked why he was being arrested and requested medical help for his injuries.

## D. Officers fabricate a narrative of "aggression" and "suicidality" to cover the unlawful seizure

33. After Plaintiff was in custody, officers began shaping their written reports. In HPD Report No. 331604-25 and its supplements, Defendants **created a false and misleading narrative** that:

a. Plaintiff was "aggressive" and "irate;"
b. Plaintiff pulled out his phone in a threatening way and was yelling;
c. Plaintiff "fell to the ground," "tensed up," and "rolled around" in a manner that showed he was out of control;
d. Plaintiff continued "rolling around on the ground while handcuffed;" and
e. Plaintiff stated "kill me" and was suicidal.

34. These statements mischaracterize Plaintiff's behavior and omit key facts. While Plaintiff did tense up and roll on the ground, he did so **because officers grabbed him without explanation**, refused to identify any charge, and caused him pain. His movements were a frightened, defensive reaction to an unexplained arrest—not an attack on officers and not evidence of suicidality.

35. Defendants' reports also **omit** that Plaintiff was the 911 caller, that he had video of his wife assaulting him, that he was recording the officers, and that he repeatedly asked why he was being arrested and requested an ambulance.

36. By cherry-picking and twisting Plaintiff's physical reactions while omitting the context and his words, Defendants Williams, Timm, Cuffy, Lewis, and others **fabricated a story** that portrayed Plaintiff as irrational, dangerous, and suicidal. These statements were knowingly false or made with reckless disregard for the truth and amount to **perjury-like false swearing in official police documents.**

## E. CIT officer and clinician rely on the false story to impose an illegal psych hold

37. HPD then called out the Mental Health/CIT unit. Officer Ta and clinician "Courtney" arrived and spoke with officers and Plaintiff's wife.

38. Ta's CIT supplement adopts and amplifies the false narrative, describing Plaintiff as "rolling himself on the ground," "aggressive," and "suicidal," and repeats Plaintiff's wife's unverified claims that Plaintiff had bipolar disorder, depression, anxiety, and a "mood disorder."

39. Ta and Courtney **did not review Plaintiff's phone video**, did not obtain an accurate account from Plaintiff, and did not investigate whether Plaintiff's behavior was a natural reaction to an unexplained seizure.

40. Instead, Ta and Courtney relied on the officers' and wife's one-sided version of events—including the false claim that Plaintiff said "kill me"—to conclude that Plaintiff met the criteria for an Emergency Detention Order, despite the absence of objective facts showing that he posed a danger to himself or others.

41. Plaintiff was transported by ambulance to **Ben Taub Hospital** under an EDO, where he was involuntarily held and evaluated. The basis for the EDO was the **fabricated, perjured narrative** contained in the HPD and CIT reports.

42. The false reports remain in HPD and medical records, branding Plaintiff as suicidal, dangerous, and mentally unstable, damaging his reputation, affecting his family and VA relationships, and causing severe emotional distress.

# V. CLAIMS FOR RELIEF

## COUNT ONE – 42 U.S.C. § 1983

Unreasonable Seizure / False Arrest / Unlawful Mental-Health Detention
(Against Williams, Timm, Ta, Cuffy, Lewis, Courtney, and Doe Defendants)

43. Plaintiff realleges paragraphs 1–42.

44. Defendants, acting under color of state law, seized Plaintiff by grabbing him, forcing him to the ground, handcuffing him, placing him in a patrol car, and causing him to be transported and involuntarily held at Ben Taub under an EDO.

45. At the time of the initial physical seizure and throughout the detention process, Defendants lacked probable cause to believe Plaintiff had committed any criminal offense.

46. Defendants also lacked lawful grounds to believe that Plaintiff met the legal criteria for an emergency mental-health detention as a danger to himself or others. Any such belief was based on **false and fabricated information** rather than objective, articulable facts.

47. This seizure and detention violated Plaintiff's rights under the **Fourth and Fourteenth Amendments** to the United States Constitution.

48. As a direct and proximate result, Plaintiff suffered loss of liberty, physical pain, emotional distress, and other damages.

## COUNT TWO – 42 U.S.C. § 1983

Excessive Force
(Against Williams, Timm, Cuffy, Lewis, and Doe Defendants)

49. Plaintiff realleges paragraphs 1–48.

50. Defendants used force against Plaintiff—grabbing him, forcing him to the ground, and maintaining excessively tight handcuffs—even though he was unarmed, not attacking anyone, not attempting to flee, and was only recording and verbally questioning the officers.

51. Considering the totality of the circumstances, the force used was **objectively unreasonable** and excessive, in violation of the Fourth Amendment.
52. Plaintiff suffered physical injury, pain, and emotional trauma as a result.

## COUNT THREE – 42 U.S.C. § 1983

Fabrication of Evidence / Due Process
(Against Williams, Timm, Ta, and Courtney)

53. Plaintiff realleges paragraphs 1–52.
54. Defendants Williams and Timm knowingly or recklessly drafted police reports that distorted and misrepresented Plaintiff's behavior, falsely characterizing his fearful reaction and rolling on the ground as "aggressive" and "suicidal," and falsely claiming that Plaintiff said "kill me."
55. Defendants Ta and Courtney repeated and endorsed these false statements in CIT and mental-health documentation, which they knew or should have known would be used to justify an EDO and involuntary hospitalization.
56. These fabricated and perjurious statements were material to, and actually used in, the decision to seize and confine Plaintiff and to classify him as suicidal and mentally disordered.
57. By causing Plaintiff to be deprived of his liberty based on fabricated evidence and false reports, these Defendants violated Plaintiff's rights to **due process of law** under the Fourteenth Amendment.

## COUNT FOUR – 42 U.S.C. § 1983

First Amendment Retaliation (Recording Police / Speech)
(Against Cuffy, Williams, Timm, Lewis, and Doe Defendants)

58. Plaintiff realleges paragraphs 1–57.
59. Plaintiff engaged in constitutionally protected activity by recording HPD officers on his phone and verbally questioning their actions.
60. Sgt. Cuffy and other officers were angered by Plaintiff's recording and criticism. Their decision to seize Plaintiff, use force, remove him from the scene, and support an EDO was **substantially motivated by retaliation** for this protected speech and recording.
61. Defendants' retaliatory conduct would chill a person of ordinary firmness from continuing to exercise their First Amendment rights and caused Plaintiff actual injury.

## COUNT FIVE – 42 U.S.C. § 1983

Municipal Liability (Monell)
(Against City of Houston)

62. Plaintiff realleges paragraphs 1–61.
63. The constitutional violations described above were caused by policies, customs, or practices of the City of Houston and HPD, including but not limited to:

a. A practice of reclassifying calls involving veterans or alleged mental illness as "suicidal" events and using thin or disputed facts to justify emergency mental-health detentions;

b. Failure to train and supervise officers and CIT personnel regarding lawful standards for mental-health seizures, citizens' rights to record police, and the duty to consider exculpatory evidence such as video and the caller's status as victim;

c. A custom of tolerating or failing to discipline officers who submit **false or perjured police reports** to cover unlawful seizures and excessive force.

64. The City's deliberate indifference to these practices was a moving force behind the violations of Plaintiff's constitutional rights.

## COUNT SIX – FALSE IMPRISONMENT / FALSE ARREST

(Texas Law – Against All Individual Defendants)

65. Plaintiff realleges paragraphs 1–64.
66. Defendants intentionally confined Plaintiff without his consent and without lawful authority, first at the scene in handcuffs and in a patrol car, and then at Ben Taub Hospital under an EDO.
67. This confinement constitutes false imprisonment and false arrest under Texas law.

## COUNT SEVEN – ASSAULT AND BATTERY

(Texas Law – Against Williams, Timm, Cuffy, Lewis, and Doe Defendants)

68. Plaintiff realleges paragraphs 1–67.
69. By violently grabbing Plaintiff, forcing him to the ground, and tightly handcuffing him without legal justification, these Defendants committed assault and battery under Texas law.
70. Plaintiff suffered bodily injury, pain, and emotional distress as a result.

## VI. DAMAGES

71. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

- Loss of liberty and freedom of movement;
- Physical injuries and pain;
- Emotional distress, anxiety, and humiliation;
- Damage to his reputation and standing;
- Interference with family and VA relationships; and
- Medical and other out-of-pocket expenses.

72. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, and all other legal and equitable relief the Court deems just.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor and against all Defendants;
B. Award compensatory damages in an amount to be proven at trial;
C. Award punitive damages against the individual Defendants;
D. Award costs and any allowable fees;
E. Issue declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights; and
F. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

12/01/25

**FELIX JAMES JOSEPH**
Plaintiff, Pro Se
[1403 gentle bend dr]
[Missouri City, Tx 77489]
[346-678-8039]
[kingjames6152gmail.com]